IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID LAMAR JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:09-CV-339-WKW |
| | ) |
| J.C. GILES, *Warden*, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

On June 23, 2009, the Magistrate Judge filed a recommendation that this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).[1] (Doc. # 11.) Plaintiff David Lamar Johnson objected to the recommendation. (Doc. # 12.) The portions of the recommendation to which a party objects are reviewed *de novo*. 28 U.S.C. § 636(b)(1).

A *de novo* review of the record and law confirms that the recommendation (Doc. # 11) is due to be adopted. The court only adds that to the extent Johnson's complaint can be read to allege, in addition, a violation under 42 U.S.C. § 1983 of his Fourth Amendment right to be free from unreasonable searches and seizures, the complaint fails to state a claim on which relief may be granted. Johnson complains of an unreasonable search and seizure

---

[1] Under § 1915(e)(2)(B), a court must dismiss a proceeding *in forma pauperis* at any time if it determines that the action (i) is frivolous or malicious or (ii) fails to state a claim on which relief may be granted. The recommendation states in its conclusion that the dismissal should be pursuant to subsection (i) (Doc. # 11, at 8), but throughout, refers to Johnson's failure to state a claim (*see, e.g.*, Doc. # 11, at 5).

outside of his presence. (Doc. # 10.) The disciplinary report attached to the amended complaint states that officers opened a bag that was found in the law library. It contained a pick and papers with Johnson's name on them. This incident was the basis for a disciplinary action.

There was no Fourth Amendment violation with respect to the search of Johnson's belongings, which were not on his person and were exposed in a prison common area, nor with respect to the continued search of his bag once the officers detected a potential weapon inside of it. *See Hudson v. Palmer*, 468 U.S. 517, 526 (1984) ("A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order."); *id.* at 528 n.8 ("[T]he same reasons that lead us to conclude that the Fourth Amendment's prescription against unreasonable searches is inapplicable in a prison cell, apply with controlling force to seizures. Prison officials must be free to seize from cells any articles which, in their view, disserve legitimate institutional interests."); *Bell v. Wolfish*, 441 U.S. 520, 555-57 (1979) (holding that unannounced searches of inmate areas at irregular intervals in which all inmates are cleared of the residential units, are constitutional under the Fourth Amendment with respect to pretrial detainees). Accordingly, it is ORDERED that:

(1)    Johnson's objections (Doc. # 12) are OVERRULED;[2] and

(2)    The recommendation (Doc. # 11) that the case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B) is ADOPTED, and the case is DISMISSED with prejudice.

DONE this 30th day of July, 2009.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[2] Johnson states in his objections that the conspiracy was retaliation for his filing previous lawsuits.  (Doc. # 12, at 5.)  Johnson's amended complaint (Doc. # 10), however did not raise a retaliation claim.  His complaint discussed retaliation (see Doc. # 1, at 5), but Johnson was warned, before filing his amended complaint, that the case would proceed based on only those claims in the amended complaint, not those claims in the original complaint (Doc. # 7, at 2).  Resurrecting that theory of liability in the objections would thwart the court's warning that Johnson must state all of the claims in the amended complaint.